Nathaniel T. Helman, J.
Motions Nos. 77, 78, 93 and 94 are consolidated.
Petitioners in these proceedings seek pursuant to sections 20 and 21 of the Stock Corporation Law an appraisal of shares of stock owned by them. Respondent moves to dismiss the first petition filed on the ground that it was not made returnable in accordance with statutory requirements. Apparently fearful of .a jurisdictional defect, petitioners have commenced another pro *597 ceeding. As to the latter, respondent has moved to dismiss on the ground that another action (one it considers a nullity) is pending.
In view of the court’s determination with respect to the first petition, it will be unnecessary to discuss the application of subdivision 3 of rule 106 of the Rules of Civil Practice to a petition brought pursuant to sections 20 and 21 of the Stock Corporation Law.
Section 21 of the Stock Corporation Law requires (subd. 3) that a petition, such as that at bar, ‘ ‘ be made returnable * * * on the fiftieth day after the last day on which the demand of the objecting stockholder for payment might have been made ’ ’. The defect alleged as to the first petition herein is that it was not made returnable on the 50th day, but a date prior thereto. There is no doubt that a petition returnable on a date beyond the 50th day is jurisdictionally defective (Matter of McKinney [Bush Term. Bldgs. Co.], 306 N. Y. 207. There appears to be no holding by any of our courts as to whether an earlier return date is equally defective.
It is the opinion of the court that the statute involved intended a short limitation of time within which to file these proceedings and that, therefore, any proceeding brought within the outside time fixed is properly brought. If, for any reason, respondent could show prejudice by the earlier return date, the court is empowered to delay the proceedings until the appropriate date. However, to hold an early proceeding as fatally defective, would be taking a technical approach not intended by the Legislature and contrary to the interests of justice.
Section 21 of the Stock Corporation Law establishes a method for effectuating the rights of a dissenting stockholder. The limitation placed on the filing of his petition was intended to prevent the institution of proceedings beyond the 50th day. The determination of what is the last day on which a demand for payment may be made is not always a simple one for a dissenting stockholder. Frequently, notices are sent by mail adjourning meetings and the calculation of cut-off days becomes a highly technical question. To subject the stockholder seeking appraisal to such a literal construction of the wording of the statute might cause a forfeiture of an important substantive right. It is of interest that the reviser’s notes to section 623 of the recently enacted Business Corporation Law effective September 1, 1963 in referring to section 21 of the present law viewed the quoted language as providing that the stockholder must act “ not later than ” a certain number of days.
*598 For the foregoing reasons, the motion to dismiss the first proceeding is denied, and the motion to dismiss the second is granted since that proceeding is unnecessary.
As for petitioners’ cross motion with respect to the defenses interposed, the first defense is stricken for the reasons stated above. The arguments as to the remainder as well as petitioners ’ right to the valuation sought raise factual issues which cannot be determined on papers alone. Accordingly, the petition is granted to the extent of setting the matter down for a hearing on the issues.